IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**BRANNON HOLMES**
14928 Inglewood Ave. #36
Lawndale, CA 90260

**ANTHONY MCMAHAN**
1628 S. Lakeview Ave.
Sturgis, MI 49091

                Plaintiffs,

       vs.

**ROADVIEW, INC.**
4801 Tradewinds Parkway
Madison, WI 53718

                Defendant.

Case No. 15-cv-004

## COLLECTIVE AND CLASS ACTION COMPLAINT

### INTRODUCTION

1.    This is a collective and class action brought by Individual and Representative Plaintiffs Brannon Holmes and Anthony McMahan, on their own behalf and on behalf of the proposed classes identified below. The Named Plaintiffs and putative class members, during the three years preceding this lawsuit, were employed as Field Service Operators by Defendant Roadview, Inc. ("Defendant"). The Named Plaintiffs and putative class members were denied overtime wages under Defendant's improper application of the fluctuating work week pay method. The Named Plaintiffs and putative class members are similarly situated under Fed.

R. Civ. P. 23 and 29 U.S.C. § 216(b) as they suffered identical wage losses under these illegal policies.

## JURISDICTION AND VENUE

2.    The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, in that Plaintiffs' claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates a mobile data servicing company in this district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

4.    Plaintiff Brannon Holmes is an adult resident of the state of California, residing at 14928 Inglewood Ave. #36, Lawndale, California. Holmes was an employee of Defendant as defined by 29 U.S.C. § 203(e) and Wis. Stat. § 103.001(5). Holmes's signed consent form is filed as Exhibit A to this Complaint and is incorporated herein by reference.

5.    Plaintiff Anthony McMahan is an adult resident of the state of Michigan, residing at 1628 S. Lakeview Ave. Sturgis, Michigan. McMahan was an employee of Defendant as defined by 29 U.S.C. § 203(e) and Wis. Stat. § 103.001(5).

McMahan's signed consent form is filed as Exhibit A to this Complaint and is incorporated herein by reference.

6. Defendant Roadview, Inc. is a domestic business with its principal office at 4801 Tradewinds Parkway, Madison, Wisconsin. Roadview, Inc.'s registered agent for service of process is Raymond J. Mandli.

7. Roadview, Inc. is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and Wis. Stat. § 103.001(6), and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

8. Throughout the three years preceding the filing of this lawsuit, Named Plaintiffs and putative class members were employed by Defendant as Field Service Operators ("FSOs").

9. Throughout the three year period preceding the filing of this Complaint, Named Plaintiffs and putative class members were paid a fixed amount of wages unless they worked under forty (40) hours per work week. For all hours worked over forty (40) in a work week, FSOs were paid 50% of their regular rate of pay.

10. During work weeks which FSOs worked fewer than forty (40) hours, Defendant paid them wages that were less than those received during work weeks they worked forty (40) or more hours.

11. Holmes and McMahan bring this action on their own behalf on behalf of all other similarly-situated employees, pursuant to 29 U.S.C. § 216(b). The Overtime Collective Class of similarly-situated employees is defined as:

> All persons who have been or are currently employed by Roadview, Inc. as Field Service Operators who worked hours over forty (40) per work week and were paid on the fluctuating work week pay method and who were paid reduced wages during weeks they worked less than forty (40) hours a work week at any time from three years prior to the commencement of this lawsuit to the present and ongoing.

12. Holmes and McMahan bring this action on their own behalf on behalf of all other similarly situated employees pursuant to Fed. R. Civ. P. 23. The Wisconsin Overtime Class is defined as:

> All persons who have been or are currently employed by Roadview, Inc. as Field Service Operators who were paid on the fluctuating work week pay method and who worked hours over forty (40) per work week at any time from two years prior to the commencement of this lawsuit to the present and ongoing.

## CLASS ALLEGATIONS

13. Holmes and McMahan bring the Second Claim for Relief on their own behalf and on behalf of the **Wisconsin Overtime Class**, as defined in paragraph 12, supra, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

14. The persons in the Wisconsin Overtime Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Roadview, Inc. has employed more than fifty (50) people who satisfy the definition of the class.

15. There are questions of law and fact common to the Rule 23 Wisconsin Overtime Class that are capable of class-wide resolution and predominate over any questions solely affecting individual members of the class, including but not limited to:

>   (a) Whether Defendant maintained a common practice of unlawfully failing to pay overtime compensation to Named Plaintiffs and members of the putative class in violation of and within the meaning of Wis. Stat. § 103.03 and Wis. Adm. Code DWD § 274.03;
>
>   (b) Whether Wisconsin law allows for payment of overtime wages based on the fluctuating work week pay method;
>
>   (c) The nature and amount of compensable work performed by Named Plaintiffs and members of the putative class;
>
>   (d) Whether Defendant employed Named Plaintiffs and members of the putative class within the meaning of Wisconsin Law; and
>
>   (e) The proper measure of damages sustained by Named Plaintiffs and members of the putative class.

16. Holmes's and McMahan's claims are typical of those of the Wisconsin Overtime Class. Holmes and McMahan, like other putative members of the Wisconsin Overtime Class, worked hours over forty (40) per work week and were paid based on the fluctuating work week pay method.

17. Holmes and McMahan will fairly and adequately protect the interests of the putative Wisconsin Overtime Class and have retained counsel experienced in complex wage and hour litigation.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant, particularly those with relatively small claims.

19. Class certification of the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Wisconsin Overtime Class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Wisconsin Overtime Class overtime wages for work performed to which they are entitled. The damages suffered by the individual members of the Wisconsin Overtime Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, combining all members subject to Defendant's uniform illegal policies in a single suit best serves the interests of judicial efficiency. Finally, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

20. Named Plaintiffs Holmes and McMahan intend to send notice to all members of the Wisconsin Overtime Class to the extent required by Fed. R. Civ. P. 23.

## FIRST CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA

21. Holmes and McMahan, individually and on behalf of the Overtime Collective Class, allege and incorporate by reference the allegations in the preceding paragraphs.

22. Holmes, McMahan, and other members of the Overtime Collective Class were employees of Roadview, Inc. within the meaning of 29 U.S.C. § 203(e).

23. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per work week.

24. An employer may pay on a half-time premium for overtime hours if the requirements of 29 C.F.R. § 778.114(a) have been met.

25. One requirement of 29 C.F.R. § 778.114(a) is the existence of a clear and mutual understanding that the employee will receive a fixed salary for whatever hours he is called upon to work in a work week, including weeks he works less than forty (40) hours per work week. During the applicable statute of limitations, there were work weeks in which Holmes, McMahan, and members of the putative Overtime Collective Class worked fewer than forty (40) hours and were paid a lower salary amount than work weeks where they worked forty (40) hours or more.

26. During the applicable statute of limitations, Roadview, Inc. paid Holmes, McMahan, and members of the Overtime Collective Class one-half of their regular rate of pay for all hours worked over forty (40) in a work week.

27. These practices violate the FLSA including, but not limited to, 29 U.S.C. § 207. Because of these violations, Holmes, McMahan, and members of the Overtime Collective Class have suffered a wage loss.

28. Defendant knew or showed reckless disregard for the fact that they failed to pay Holmes, McMahan, and members of the Overtime Collective Class overtime wage compensation of one and one-half times the regular rate of pay in violation of the FLSA.

## SECOND CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

29. Holmes and McMahan, individually and on behalf of the Wisconsin Overtime Class, allege and incorporate by reference the allegations in the preceding paragraphs.

30. The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, Wis. Stat. § 109.03, and Wis. Admin. Code DWD 274.03.

31. At all relevant times, Roadview, Inc. has been, and continues to be, an "employer" within the meaning of Wis. Stat. § 103.001, Wis. Stat. § 104.01, and Wis. Stat. § 109.01(2).

32. At all relevant times, Holmes, McMahan, and members of the putative Wisconsin Overtime Class were employees of Roadview, Inc. within the meaning of Wis. Stat. § 103.001(5), Wis. Stat. § 104(2), and Wis. Stat. § 109.01(1r).

33. Wis. Stat. § 103.02 and Wis. Admin. Code DWD § 274.03 require an employer to pay overtime compensation of one and one-half the regular rate of pay

for hours worked in excess of forty (40) hours per work week to all non-exempt employees.

34.  During the applicable statute of limitations, Defendant had a policy and practice of paying Field Service Officers half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week.

35.  As a result of Defendant's willful failure to correctly pay overtime wages earned and due to Holmes, McMahan, and members of the putative Wisconsin Overtime Class, Defendant has violated, and continues to violate, Wis. Stat. §§ 103.02 and 109.03, and Wis. Admin. Code DWD § 274.03.

36.  Holmes and McMahan, on behalf of themselves and members of the Wisconsin Overtime Class, seek recovery of attorney's fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

## REQUEST FOR RELIEF

WHEREFORE, Holmes and McMahan, on their own behalf and on behalf of all members of the Overtime Collective Class and the Wisconsin Overtime Class, request the following relief:

A.  An order designating this action as a collective action on behalf of the Overtime Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

B.  An order certifying this action as a class action on behalf of the proposed Wisconsin Overtime Class pursuant to Fed. R. Civ. P. 23;

C. An order designating Brannon Holmes and Anthony McMahan as the Named Plaintiffs and as representatives of the Wisconsin Overtime Class set forth herein;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. An order finding that Defendant violated the FLSA and Wisconsin wage and hour law;

F. An order finding that these violations were willful;

G. Judgment against Defendant in the amount equal to Named Plaintiffs' and Collective and Wisconsin Overtime Classes' unpaid overtime hours at the applicable overtime rate;

H. An award in the amount of all liquidated damages and penalties as provided under Wis. Stat. § 109.11 and 29 U.S.C. § 216(b);

I. An award of reasonable attorney's fees and costs under Wis. Stat. § 109.03(6) and 29 U.S.C. § 216(b);

J. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs and the putative class members demand a trial by jury.

Dated this 5th day of January, 2015.

                                        **HAWKS QUINDEL, S.C.**
*Attorneys for the Plaintiffs*

By: */s/ David C. Zoeller*
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Caitlin M. Madden, State Bar No. 1089238
Email: cmadden@hq-law.com
222 West Washington Avenue, Suite 450
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236